# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| JOSE LUIS ROSALES-ESQUIVEL, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| WARDEN OF THE ERO EL PASO | § | No.  3:26-CV-01160-LS |
| EAST MONTANA; MARY DE ANDA-YBARRA, FIELD OFFICE DIRECTOR | § | |
| FOR EL PASO IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT; TODD | § | |
| LYONS, DIRECTOR OF | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT; MARKWAYNE | § | |
| MULLIN, SECRETARY OF THE U.S. | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY; AND TODD BLANCHE, | § | |
| ACTING ATTORNEY GENERAL OF | § | |
| THE UNITED STATES, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DISMISSING CASE

Petitioner Jose Luis Rosales-Esquivel seeks a writ of habeas corpus ordering his release from immigration custody during removal proceedings. Petitioner claims that refusal to hold a bond hearing violates his Due Process rights.[1] Respondents concede that he may request a bond hearing under 8 U.S.C. § 1226, but he has not yet requested such a hearing.[2] The government has not denied bond or refused a bond hearing, and the Board of Immigration Appeals has not reviewed any decision. Therefore, Petitioner has not exhausted his administrative remedies,[3] and the issue

---

[1] ECF No. 1 at 8.

[2] ECF No. 3 at 2.

[3] *See Lee v. Gonzales*, 410 F.3d 778, 786 (5th Cir. 2005) ("[A] petitioner must exhaust available avenues of relief and turn to habeas only when no other means of judicial review exists.").

of whether denying bond or refusing a bond hearing would violate Due Process is not ripe for review.[4] The Court accordingly **DISMISSES** this action without prejudice, and all pending motions are **DENIED AS MOOT**.

       **SO ORDERED**.

       **SIGNED** and **ENTERED** on May 15, 2026.

                           _____
                           **LEON SCHYDLOWER**
                           **UNITED STATES DISTRICT JUDGE**

---

[4] *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) ("[A] case is not ripe if further factual development is required.").